NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THEODORE C. SHOVE, | No. 18-17326 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-02903-JD |
| v. | |
| McDONALD, Warden, Captain; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CHAPPELL, Warden, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

California state prisoner Theodore C. Shove appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment for failure to exhaust administrative remedies. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Shove failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit, and describing limited circumstances in which administrative remedies are unavailable, including when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Williams*, 775 F.3d at 1191 (a prisoner who does not exhaust administrative remedies must show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him"); *see also Rodriguez v. County of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018) (setting forth required showing for a fear of retaliation to excuse the PLRA's exhaustion requirement).

18-17326

We reject as unsupported by the record Shove's contentions regarding judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Appellees' motion for summary affirmance (Docket Entry No. 17) is denied as moot. All other pending motions and requests are denied.

**AFFIRMED.**